IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CELLULAR SALES OF KNOXVILLE, INC., a corporation; CELLULAR SALES OF NORTH CAROLINA, LLC, a limited liability company; CELLULAR SALES OF PENNSYLVANIA, LLC, a limited liability company, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Petitioners, | ) | 1:19CV768 |
| v. | )<br>)<br>) | |
| DAVID CHAPMAN, | )<br>) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, Chief District Judge.

Petitioners Cellular Sales of Knoxville, Inc. ("Cellular Sales TN"), Cellular Sales of North Carolina, LLC ("Cellular Sales NC"), and Cellular Sales of Pennsylvania, LLC ("Cellular Sales PA") (collectively, "Cellular Sales") filed a petition against Respondent David Chapman on July 29, 2019, seeking an order to compel arbitration pursuant to Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4. (Doc. 1.)[1] Before the court is Chapman's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5), or, in the alternative, to stay the proceedings pending a decision in a

---

[1] The FAA allows parties to petition United States district courts for orders compelling arbitration, thus the document initiating this action is a petition rather than a complaint. 9 U.S.C. § 4.

related action before a district court in the Eastern District of Pennsylvania. (Doc. 11.)[2] Recognizing an issue with proper service, Cellular Sales filed a motion for leave to re-serve Chapman. (Doc. 13.) The motions are fully briefed and ready for decision. For the reasons set forth below, Cellular Sales's motion for leave to serve Chapman with sufficient process will be granted and Chapman's motion to dismiss or stay will be denied.

I. BACKGROUND

    A. Facts

Cellular Sales TN is a Tennessee corporation and the parent company of Cellular Sales NC, a North Carolina limited liability company, and Cellular Sales PA, a Pennsylvania limited liability company. (Doc. 1 ¶¶ 1-3.) Cellular Sales NC and Cellular Sales PA are authorized dealers of Verizon Wireless products and services and market and sell cellular products and wireless services in North Carolina and Pennsylvania, respectively. (Id. ¶ 8.) Additionally, both "employ sales representatives to assist with marketing and selling the [Verizon] products and services." (Id.)

Chapman, a citizen of North Carolina, became employed by Cellular Sales NC in March of 2017. (Id. ¶¶ 4, 9.) Upon his employment, Chapman executed a Dealer Compensation Agreement which set forth the terms of his compensation and the formula for

---

[2] Jessica Deardorff and David Chapman v. Cellular Sales of Knoxville, Inc., No. 2:19-cv-02642-NIQA (E.D. Pa. filed June 18, 2019).

calculating commissions. (Id. ¶ 9.) The agreement (Doc. 1-2) also contained a binding arbitration clause under which Chapman agreed to submit disputes to arbitration on an individual basis. (Doc. 1 ¶ 9.) On December 26, 2017, Chapman executed a new Dealer Compensation Agreement ("DCA") (Doc. 1-1) which "superseded and replaced" the original Dealer Compensation Agreement executed earlier that year. (Doc. 1 ¶ 10.) The DCA contains an arbitration clause, which states in relevant part:

> *All Disputes Must Be Arbitrated*. Any controversy or dispute (whether pre-existing, present, or future) between Dealer and any one or more Cellular Sales Parties arising from or in any way related to Dealer's work with any one or more Cellular Sales Parties or the termination thereof, including, but not limited to, (i) any dispute about the interpretation, validity, construction, scope, or enforceability of this Agreement, . . . (iii) any claim for compensation or benefits, including any claim under the Fair Labor Standards Act, or any other federal or state statute or regulation related to payment of wages, . . . (vi) any other claim of any nature, whether based upon contract, tort, intentional or otherwise, constitution, statute, regulation, common law, or equity, arising from, or in any way related to, Dealer's work with any one or more Cellular Sales Parties, the termination thereof, or any other matter incident thereto, must be resolved exclusively by final and binding arbitration under the Employment Dispute Resolution Rules of the American Arbitration Association ("AAA") then applicable to the dispute except that the AAA's Supplemental Rules for Class and/or Collective Action Arbitration will not apply because the parties agree not to arbitrate class or collective action claims . . . . Dealer is encouraged to review these rules prior to executing this Agreement.

(Doc. 1-1 at 8-9.) The DCA defines "Dealer" as the "undersigned employee," David Chapman, and "Cellular Sales Parties" as Cellular

3

Sales and all of its affiliates, including Cellular Sales TN and all of its subsidiaries. (Id. at 2, 11.) The DCA also contains a class and collective action waiver, which states in relevant part:

> *Waiver of Class and Collective Standing or Action*. Dealer agrees that, in the presentation and resolution of any dispute, controversy, or claim between Dealer and any one or more Cellular Sales Parties, Dealer expressly waives the right to participate in any class or collective action and, rather, expressly agrees that Dealer will resolve any dispute or claim in a single action between only Dealer and the applicable Cellular Sales Parties. Accordingly, Dealer shall neither serve as a class or collective action representative nor shall Dealer join, seek, or agree to join, actively or passively, or participate in any capacity in any class or collective action, no matter how small or minor, of a claimants' or plaintiffs' group, against any one or more Cellular Sales Parties.

(Id. at 9.) The parties further agreed that the DCA would be governed by the FAA, that the laws of the state where the Dealer provided services for Cellular Sales would apply, and that arbitration would occur in the county or parish where the Dealer did work for Cellular Sales. (Id.)

The present dispute arose on June 18, 2019, when Chapman allegedly disregarded his arbitration agreement and filed a lawsuit against Cellular Sales in the United States District Court for the Eastern District of Pennsylvania, claiming that Cellular Sales violated the Fair Labor Standards Act and the North Carolina Wage and Hour Act. (Doc. 1 ¶¶ 14-15.) The lawsuit seeks the

4

certification of a collective action and a class action.  (Id. ¶ 15.)

   B.  **Procedural History**

Cellular Sales filed the present action on July 29, 2019. (Doc. 1.)  A summons naming Chapman was issued on August 6, 2019 (Doc. 5), and Cellular Sales filed an affidavit of service as to Chapman on August 7, 2019 (Doc. 7).  Although the affidavit of service states that this action was commenced on July 27, 2019 (Doc. 7 ¶ 4), it was in fact commenced on July 29, 2019.  Further, the affidavit of service declares that a copy of the complaint initiating this action was sent along with the summons issued to Chapman (Id. ¶ 6), but a copy of the petition was not sent (Doc. 11 at 1; Doc. 16 at 5).

Chapman filed the present motion to dismiss, or alternatively to stay, on August 28, 2019.  (Doc. 11.)  Cellular Sales filed its motion for leave to serve Chapman with sufficient process on September 5, 2019.  (Doc. 13.)

**II. ANALYSIS**

Chapman argues that Cellular Sales's petition for an order compelling arbitration should be dismissed because of insufficient process and insufficient service of process, and that this court therefore lacks personal jurisdiction over Chapman.  (Doc. 12.) Cellular Sales responds that Chapman had actual notice of the proceedings and contends that dismissal is unwarranted because

5

Chapman suffered no prejudice. (Doc. 16.) Further, Cellular Sales seeks leave to serve sufficient process, arguing that failure to include the petition was an innocent mistake that, if allowed to be corrected, will not prejudice Chapman. (Doc. 15.) Chapman opposes the motion for leave, arguing that the court should dismiss the complaint before addressing whether service can be corrected. (Doc. 17.)

Federal Rule of Civil Procedure 4(c) places the burden on the plaintiff to effect proper service, and proper service includes both a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint."). Although the FAA directs parties to petition the court for an order to compel arbitration, the parties are subject to the same service rules under the Federal Rules of Civil Procedure. 9 U.S.C. § 4 ("Service thereof shall be made in the manner provided by the Federal Rules of Civil Procedure."). Where a summons is sent absent a copy of the petition, the plaintiff has failed to comply with Rule 4(c), and the action is subject to dismissal on the basis of insufficient service of process. See Dome v. Governor of Cal., No. 08cv1759-L(NLS), 2010 WL 2710483, at *2 (S.D. Cal. July 8, 2010) ("The service of process on the Governor was defective . . . because the summons was not accompanied by a copy of the complaint as required by Rule (4)(c)(1)."); Young v. Scruggs, No. 1:09-cv-669KS-MTP, 2010 WL 2301641, at *2 (S.D. Miss. June 7, 2010) ("A

6

Rule 12(b)(5) challenge is the proper vehicle to contest the mode of delivery or the lack of delivery of the summons and complaint.").

Chapman's motion to dismiss for insufficient process and insufficient service of process is based on the same alleged deficiency -- failure to include a copy of the petition with the summons. (Doc. 12 at 7-8.) Because a failure to include a copy of the petition is properly challenged under a Rule 12(b)(5) motion for insufficient service of process, Chapman's motion under Rule 12(b)(4) will be denied. See Proctor & Gamble Cellulose Co. v. Viskova-Loznica, 33 F. Supp. 2d 644, 664 n.23 (W.D. Tenn. 1998) ("An objection under Rule 12(b)(4) concerns the form of process rather than the manner or method of its service. Technically, therefore, a Rule 12(b)(4) motion is proper only to challenge non-compliance with the provisions of [Rule 4(a)] . . . .").

"Dismissal of an action against a defendant under Rule 12(b)(5) for insufficiency of service is within the discretion of the court" and will not necessarily be granted where there is no prejudice to the defendant and proper service is likely to be accomplished. Argot v. Harden, No. 4:11-2755-MBS-TER, 2012 WL 6839310, at *5 (D.S.C. Sept. 27, 2012). See also Thomas v. Nelms, No. 1:09-cv-491, 2013 WL 593419, at *1 (M.D.N.C. Feb. 14, 2013) (denying defendant's motion to dismiss where there was no prejudice to the defendant); Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F.

Supp. 519, 527 (M.D.N.C. 1996)("Dismissal under Rule 12(b)(5) is 'not justified where it appears that service can be properly made.'") (internal citation omitted). However, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored," particularly when the service of process employed leaves defendants "without clear notice of the necessity to respond." Armco, Inc. v Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984).

It is uncontested that Cellular Sales failed to include a copy of the petition with the summons issued to Chapman, in violation of Rule 4. However, allowing Cellular Sales leave to correct the deficiencies in service will not prejudice Chapman, and it is apparent that proper service is likely to be accomplished. Cellular Sales argues that the failure to include a copy of the petition with the summons did not hinder Chapman's ability to file a timely response, so granting them leave to perfect service will result in no prejudice. (Doc. 15 at 8.) Defendants further argue that Chapman has had a copy of the petition through filings in the related action before the United States District Court in the Eastern District of Pennsylvania and that allowing them to effect proper service in the present case will not prejudice him. (Id.) Moreover, save the failure to include a copy of the petition, the initial service of process was

8

sufficient, and proper service is likely to be accomplished with leave from the court.

The court will exercise its discretion and, pursuant to Federal Rule of Civil Procedure 4(m), grant Cellular Sales thirty days from the date of this order in which to effect proper service on Chapman.  See Gabriel v. Frye, No. 1:18-cv-354, 2019 WL 136687, *7-8 (M.D.N.C. Jan. 8, 2019) (denying defendant's motion to dismiss for improper service and granting plaintiff thirty days to perfect service); Iannucci v. CVS Rx Servs., Inc., No. 1:15cv223, 2016 WL 1734263, at *9 (W.D.N.C. Mar. 29, 2016) (same).

In light of this, Chapman's motion to dismiss or stay the action will be denied without prejudice.

## III. CONCLUSION

For the reasons set forth above,

IT IS THEREFORE ORDERED that Cellular Sales' motion for leave to serve Chapman with sufficient process (Doc. 13) is GRANTED and Defendants shall have thirty (30) days from the date of this order within which to serve Chapman.

IT IS FURTHER ORDERED that Chapman's motion to dismiss, or in the alternative stay (Doc. 11), is DENIED WITHOUT PREJUDICE.

                                    /s/   Thomas D. Schroeder
                                 United States District Judge

January 2, 2020