IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CELLULAR SALES OF KNOXVILLE,      )
INC., a corporation; CELLULAR     )
SALES OF NORTH CAROLINA, LLC,     )
a limited liability company;      )
CELLULAR SALES OF                 )
PENNSYLVANIA, LLC, a limited      )
liability company,                )
                                  )       1:19CV768
              Petitioners,        )
                                  )
         v.                       )
                                  )
 DAVID CHAPMAN,                   )
                                  )
              Respondent.         )
```

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, Chief District Judge.

Petitioners Cellular Sales of Knoxville, Inc., Cellular Sales of North Carolina, LLC, and Cellular Sales of Pennsylvania, LLC (collectively, "Cellular Sales") seek an order compelling arbitration of claims raised by Respondent David Chapman, a former employee, pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4 ("FAA"). (Doc. 1.) Before the court is Chapman's motion to stay this case pending a decision in a previously-filed related action between the parties in the Eastern District of Pennsylvania. (Doc. 23.) For the reasons set forth below, Chapman's motion to stay will be granted.

I.  BACKGROUND

The facts of this case are detailed in this court's January 2,

2020 memorandum opinion and order. (Doc. 20.) Relevant to the present motion, the facts are as follows:

On June 18, 2019, Chapman allegedly disregarded his arbitration agreement with his employer, Cellular Sales of North Carolina, LLC, and filed a collective action as a named plaintiff against Cellular Sales in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1 ¶ 14.) See Jessica Deardorff and David Chapman v. Cellular Sales of Knoxville, Inc., No. 2:19-cv-02642-KSM (E.D. Pa. filed June 18, 2019) (the "Pennsylvania action"). That lawsuit alleges that Cellular Sales violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), by failing to pay Chapman overtime compensation, as well as the North Carolina Wage and Hour Act, N.C. Gen. Stat. 95-25.1 et seq. ("NCWHA"), by failing to pay him earned wages. (Doc. 1-3 ¶¶ 96-99, 103-105.) Just over one month later, on July 29, 2019, Cellular Sales filed the present action pursuant to Section 4 of the FAA seeking an order to compel Chapman to arbitrate his claims. (Doc. 1.) Chapman moved to dismiss, or alternatively to stay, this action while the Pennsylvania action proceeds (Doc. 11), and Cellular Sales filed a motion for leave to perfect service (Doc. 13). In a prior order, this court denied Chapman's motion to stay without prejudice and granted Cellular Sales an additional period within which to perfect service on Chapman. (Doc. 20 at 9.)

On March 17, 2020, Chapman, apparently having been served,

2

Case 1:19-cv-00768-TDS-LPA   Document 29   Filed 07/09/20   Page 2 of 10

filed the present motion to stay (Doc. 23), which Cellular Sales opposes (Doc. 25). On July 6, 2020, the court heard oral argument on the motion via videoconference, and it is now ready for decision.

**II. ANALYSIS**

Chapman urges this court to stay this action, arguing that the "first-filed" rule favors the identical and previously-filed Pennsylvania action. (Doc. 24 at 6.) He notes that in the Pennsylvania action the parties have already briefed the very questions to be raised in this case: namely, the validity of the parties' arbitration provision purporting to waive his right to participate in an FLSA collective action as well as whether the resolution of that issue was relegated to the arbitrator (or reserved for the court). These questions are raised by Cellular Sales's in their motions to dismiss or stay that action in favor of the present North Carolina case. Activity in the Pennsylvania action is effectively on hold pending the court's decision. Chapman argues that "[t]he principles of comity weigh heavily in favor of staying this action" and that a refusal to do so would be "inefficient and risk[] inconsistent adjudications." (Id. at 6-7.) Cellular Sales, by contrast, asks the court to depart from the first-filed rule because its application in this case would "reward Chapman's blatant forum-shopping, waste judicial resources, and run counter to the mandates of the FAA," as under

3

the law only this court has the power to enforce the parties' arbitration provision. (Doc. 25 at 5-6.)

The Fourth Circuit follows the first-filed rule, which holds that when similar suits are raised in different forums, "the first suit should have priority." Ellicott Mach. Corp. v. Modern Welding Co., 502 F.2d 178, 180 n.2 (4th Cir. 1974) (citation and internal quotation marks omitted). "Founded on notions of judicial economy, the rule embodies the concept that the 'simultaneous prosecution in two different courts of cases relating to the same parties and issues leads to the wastefulness of time, energy, and money.'" MEI Techs., Inc. v. Detector Networks Int'l, LLC, No. CIV 09-0425 RB/LFG, 2009 WL 10665141, at *3 (D.N.M. July 6, 2009) (quoting Cessna Aircraft Co. v. Brown, 348 F.2d 689, 692 (10th Cir. 1965)). In determining whether the first-filed rule is applicable, courts apply a three-factor test, considering "(1) the chronology of the filings, (2) the similarity of the parties involved, and (3) the similarity of the issues being raised." Dillon v. BMO Harris Bank, N.A., 16 F. Supp. 3d 605, 617 (M.D.N.C. 2014) (quoting Remington Arms Co. v. Alliant Techsystems, Inc., No. 1:03CV1051, 2004 WL 444574, at *2 (M.D.N.C. Feb. 25, 2004)). However, its application is not mechanical and district courts "[have] the discretion to retain jurisdiction given appropriate circumstances justifying departure from the first-filed rule." Jefferson Pilot Life Ins. Co. v. Griffin, No. 1:07CV0096, 2008 WL 2485598, at *3 (M.D.N.C.

4

June 16, 2008) (citations and internal quotation marks omitted). Appropriate circumstances include "when the balance of convenience weighs in favor of the second forum" and where "special circumstances warrant a departure from the rule." Mkt. Am., Inc. v. Chuanjie Yang, No. 1:17CV897, 2018 WL 3406865, at *3 (M.D.N.C. July 12, 2018) (citations and internal quotation marks omitted).

In the present case, the three-factor test weighs in favor of a stay. The Pennsylvania action was filed before the North Carolina action, the parties in both actions are the same, and at oral argument the parties agreed that the issues before both courts – the validity of the arbitration provision and who decides arbitrability - are the same. The court's independent review of the filings in the Eastern District of Pennsylvania confirms this. Further, a stay of this action fosters judicial economy. If this court were to deny the motion to stay, the parties would be required to brief the very issues presented months ago to the Eastern District of Pennsylvania. Both courts would then be addressing the identical matter between the parties, even though the parties concede that the decision in one case would bind the parties in the other. Moreover, a stay would avoid unnecessary expenditures by the parties as the Pennsylvania action is on hold pending a decision by the court. The Pennsylvania court may decide the FLSA waiver issue, or it may decide to defer to this court to do so. Either way will avoid unnecessary duplication of effort.

Because both the three-factor test articulated in Remington Arms Co., 2004 WL 444574, at *2, and notions of judicial economy support staying this case while the first-filed action proceeds, Cellular Sales must demonstrate either that the balance of convenience weighs in favor of hearing the case in North Carolina or special circumstances warrant a departure from the first-filed rule.

Cellular Sales argues that special circumstances exist: specifically, that Chapman's filing of the first action "was blatant forum-shopping" and that the action was filed "for the bad faith purpose of creating a procedural hurdle for compelling arbitration." (Doc. 25 at 11, 14.) They also argue that the balance of convenience weighs in favor of this court because Chapman resides in North Carolina and worked here at all relevant times. (Id. at 17.) Cellular Sales relies principally on Jefferson Pilot, 2008 WL 2485598, at *4-5 and MEI Technologies, 2009 WL 10665141, at *4-6. Chapman reiterates the identity of issues and parties in both actions and urges that judicial economy supports a stay of this action. (Doc. 26 at 3-6.) He also argues that the cases relied on by Cellular Sales are distinguishable.

It is true that only this court, and not the Pennsylvania court, has the power to compel arbitration in North Carolina. See 9 U.S.C. § 4 (arbitration hearings and proceedings "shall be within the district in which the petition for an order directing such

6

arbitration is filed"). See also Elox Corp. v. Colt Indus., Inc., 952 F.2d 395 (4th Cir. 1991) (unpublished) ("[I]f a court orders arbitration, the arbitration must be held in the same district as the court.");[1] U.S. ex rel. TGK Enterprises, Inc. v. Clayco, Inc., 978 F. Supp. 2d 540, 551 (E.D.N.C. 2013) (citation and internal quotation marks omitted) ("A majority of courts interpreting [Section 4 of the FAA] have held that where the parties agreed to arbitrate in a particular forum only a district court in that forum has authority to compel arbitration under [Section] 4."). But this does not constitute the procedural hurdle to its rights under the arbitration provision that Cellular Sales claims. The company concedes that the defenses to the arbitration provision Chapman has raised in the Pennsylvania action are the same issues that would have to be resolved in the present case.

Cellular Sales has also failed to present a case directly addressing the question facing the court. In Jefferson Pilot, similar actions were pending before federal district courts in the District of Arizona and the Middle District of North Carolina, with the former having been filed first. 2008 WL 2485598, at *3. Another judge of this court departed from the first-filed rule and

---

[1] Unpublished decisions "are entitled only to the weight they generate by the persuasiveness of their reasoning." See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006) (citation and internal quotation marks omitted). While the Fourth Circuit may not have expressly addressed it, the same proposition is followed in this district as well as others within the circuit. See, e.g., Jefferson Pilot, 2008 WL 2485598, at *4.

7

declined to stay the action. As Cellular Sales properly notes, the court then proceeded to determine whether arbitration should be compelled under Section 4 of the FAA, noting that North Carolina was the proper forum to consider the issue because the Arizona court could not compel arbitration outside its district. Id. at *4-5. On these facts alone, the case is instructive. However, in declining to follow the first-filed rule, this court noted:

> [T]he Arizona court in its discretion declined to exercise its jurisdiction over the questions surrounding the arbitration provision and deferred resolution of the issues presented until this Court had the opportunity to entertain whether or not it would exercise jurisdiction over the case. In light of the Arizona court's deference, this Court cannot agree that entering a stay or transferring the case back to the Arizona court would serve the purposes of judicial economy and effective disposition of disputes underlying the first-filed rule.

Id. at *4. Ignoring the first-filed rule served judicial economy only because the Arizona court had signaled that it was going to defer to this court. At present, the Pennsylvania court has not indicated any such decision, and so it would not presently serve the interests of judicial economy for this court to proceed to litigate the issues already fully briefed in the Pennsylvania action.

MEI Technologies similarly does not help Cellular Sales. In that case, MEI Technologies entered into an "Exclusive Teaming Agreement" with Detector Networks to jointly prepare a proposal to a third party for developing a radiation detector straddle carrier

8

system to scan cargo containers. 2009 WL 10665141, at *1. Under the Exclusive Teaming Agreement, Detector Networks was designated the prime contractor and MEI Technologies was designated the subcontractor. Detector Networks was awarded the contract, but it did not negotiate a subcontract with MEI Technologies, as promised in the Exclusive Teaming Agreement. MEI Technologies filed an action in federal district court in the District of New Mexico against Detector Networks International and two of its employees – one of whom had recently left MEI Technologies - raising multiple claims related to work MEI Technologies performed for Detector Networks. One month later, the Defendants in the New Mexico action filed a petition in the Western District of Texas seeking an order requiring the New Mexico plaintiffs to submit the claims in the New Mexico action to arbitration under Section 4 of the FAA pursuant to an arbitration provision in the parties' Exclusive Teaming Agreement. MEI Technologies moved to enjoin Detector Networks from proceeding in the Texas action on the grounds that the New Mexico action was filed first. The New Mexico court disagreed and granted Detector Networks' motion to stay "in the interests of comity," taking note that under Section 4 of the FAA only the Texas court could compel arbitration. 2009 WL 10665141, at *4, 11. Like Jefferson Pilot, this case supports the conclusion that the court with the power to order arbitration is the favored court for resolution of an arbitration provision. But also like

9

Jefferson Pilot, it stayed the action in the district that lacks the power to order arbitration.  It does not suggest that, in the absence of a stay of the first-filed action, this court should proceed even though doing so would result in both districts laboring simultaneously to decide the same issue between the parties.

Finally, Cellular Sales has not articulated how the balance of convenience favors this court continuing to proceed under these circumstances.  If anything, the balance favors conducting an arbitration in this district (and is an argument to be raised in the Pennsylvania action), but as to the resolution of the legal issues before the court, they carry little weight at this stage.

## III. CONCLUSION

For the reasons set forth above, the court finds that a stay is warranted under principles of comity and judicial economy.

IT IS THEREFORE ORDERED that Respondent's motion to stay this action in favor of a first-filed action in the Eastern District of Pennsylvania (Doc. 23) is GRANTED.  The parties are DIRECTED to file a report of any decision in the Pennsylvania action that may affect whether this court should proceed, and in any event a status report after the passage of four months.

/s/   Thomas D. Schroeder
United States District Judge

July 9, 2020